1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   HEALTHY CHOICE SGH, LLC,          MEMORANDUM AND ORDER RE: MOTION
                                       TO STAY
13             Plaintiff,

14        v.

15   ABP CORPORATION,

16             Defendant.
                                       CIV. NO. 2:14-2370 WBS DAD
17   _____

18   HEALTHY CHOICE SM, LLC,

19             Plaintiff,

20        v.

21   ABP CORPORATION,

22             Defendant.
                                       CIV. NO. 2:14-2371 WBS DAD
23

24                                ----oo0oo----

25             In lieu of filing an Answer, defendant in each of these

26   actions has filed motion to stay proceedings.  (Docket No. 8)

27   Defendant represents that both plaintiffs in this matter are

28

                                       1

owned and operated by Sajid Sohail, a non-party to this lawsuit who, through various corporate entities, operates Au Bon Pain franchises in New York and California.  (Docket No. 8-1) Defendant and Sohail are reportedly arbitrating franchise disputes relating to several New York franchises before the American Arbitration Association ("AAA") in Boston, Massachusetts.

On May 2, 2014, defendant filed a lawsuit in the District of Massachusetts against Sohail and ten related entities to enforce the termination of Sohail's franchises for nonpayment of royalties.  (Docket No. 8-2)[1]  Defendant states that, at that time, it believed an entity called "Healthy Choice Sacramento LLC" operated the California franchises at issue here, and it therefore named that entity as a defendant in its Massachusetts action.  (See id.)  Defendant states that, on September 8, 2014, it voluntarily dismissed its action in Massachusetts to pursue arbitration before the AAA.  A month later, plaintiffs brought their actions in this district.

On December 15, 2014, defendant filed a petition to compel plaintiffs to arbitrate their claims in the District of Massachusetts.  (See Cloar Decl. Ex. B.)  The same day, defendant moved to stay proceedings in this court pursuant to § 3 of the FAA or, alternatively, under principles of comity and judicial efficiency while the District of Massachusetts decides whether

---

[1]  "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  Schulze v. F.B.I., Civ. No. 1:05-0180 AWI GSA, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (U.S. v. Black, 482 F.3d 1035, 1041 (9 Cir. 2007)).

2

1  the issues here are referable to arbitration.  (See Def.'s Mot.

2  to Stay Proceedings (Docket No. 8).)

3        Defendant represents that the District of Massachusetts

4  court has scheduled a hearing on its petition to compel

5  arbitration for March 5, 2015, at 2 p.m.  (Def.'s Req. for

6  Judicial Notice Ex. E (Docket No. 13).)  The court anticipates a

7  prompt decision regarding that petition.

8        Resolution of defendant's petition in the District of

9  Massachusetts may or may not have a dispositive impact on issues

10  raised in this district.  The court is persuaded, however, that a

11  decision from that court on defendant's petition will facilitate

12  the proceedings in these actions in this district.  See Kerotest

13  Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 184 (1952).[2]

14

15        IT IS THEREFORE ORDERED that:

16        (1)  Defendant's motion to stay be, and the same hereby

17             is, GRANTED pending the District Court for the

18             District of Massachusetts's decision regarding

19

20        [2]   Plaintiffs argue that the "First-to-File" rule requires
this district to decide the issue of arbitrability, and that the
21  District of Massachusetts should stay its proceedings.  (Pls.'
Opp'n at 2.)  The court disagrees.  Federal district courts have
22  long exercised the power to temporarily stay proceedings in order
to promote comity between courts and efficiently allocate
23  judicial resources.  See Kerotest, 342 U.S. at 184.  Moreover,
several federal courts have effectively employed temporary stays
24  in similar situations to the one here.  See, e.g., Ansari v.
Qwest Commc'ns Corp., 414 F.3d 1214 (10th Cir. 2005) (affirming a
25  district court's stay of proceedings pending a determination by a
district court in the District of Columbia regarding whether
26  arbitration of the plaintiff's claims should be compelled); Roe
v. Gray, 165 F. Supp. 2d 1164 (D. Colo. 2001) (staying
27  proceedings pending the Eastern District of North Carolina's
28  decision on arbitrability).

defendant's petition to compel arbitration;

(2)   Defendant shall file a Status Report with this court addressing arbitrability of issues raised in plaintiffs' Complaints and the status of any pending arbitration no later than ten days after the District of Massachusetts's decision.

Dated:   February 24, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4