UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HEALTHY CHOICE SGH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ABP CORPORATION,<br><br>    Defendant.<br>——————————————<br>HEALTHY CHOICE SM, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ABP CORPORATION,<br><br>    Defendant. | <u>MEMORANDUM AND ORDER RE: MOTION</u><br><u>TO LIFT STAY AND DISMISS THE</u><br><u>PROCEEDINGS WITHOUT PREJUDICE</u><br><br>CIV. NO. 2:14-2370 WBS DAD<br><br><br><br><br><br>CIV. NO. 2:14-2371 WBS DAD |

----oo0oo----

Defendant ABP Corporation ("ABP") brings this motion to lift the stay of proceedings in these two actions and dismiss, without prejudice, the Complaints filed by plaintiffs Healthy Choice SGH, LLC ("Action I") and Healthy Choice SM, LLC ("Action

1

II"). ABP, the owner and franchisor of the Au Bon Pain bakery and café chain, entered into franchise agreements with plaintiffs to operate Au Bon Pain franchises in Sacramento, California. (Mot. at 2-3 (Action I Docket No. 23-1).) The agreements contained mandatory arbitration and venue provisions requiring the parties to arbitrate all franchise disputes in Massachusetts before the American Arbitration Association ("AAA"). (Id.)

On October 8, 2014, plaintiffs brought their actions in this district, asserting various claims against ABP relating to their franchise agreements. (Actions I & II Docket Nos. 1.)[1] ABP then filed a petition in the District Court for the District of Massachusetts to compel plaintiffs to arbitrate their claims, and it concurrently moved this court to stay plaintiffs' actions pending the District of Massachusetts's decision. (Action I Docket No. 8.) On February 25, 2015, the court granted ABP's motion to stay and ordered ABP to submit a Status Report following the District of Massachusetts's decision that addressed the arbitrability of the issues raised in plaintiffs' Complaints and the status of any pending arbitration. (See Action I Docket No. 20; Action II Docket No. 13.)

On June 9, 2015, Massachusetts District Judge William G. Young granted ABP's petition, ruled that plaintiffs were estopped from objecting to the arbitration of their franchise disputes, and ordered all such disputes to binding arbitration in Boston, Massachusetts before AAA Arbitrator Frederick E. Connelly, Jr., Case No. 01-14-0001-3684. (See ABP's Status

---

[1] The court consolidated the actions on December 18, 2014. (See Action I Docket No. 9; Action II Docket No. 7.)

Report ¶¶ 6-7, Ex. A (Action I Docket Nos. 21 to 21-1); Dolan Decl. ¶¶ 2-3, Ex. A (Action I Docket Nos. 23-2 to 23-3).)  During a preliminary hearing before Arbitrator Connelly on July 17, 2015, plaintiffs and ABP agreed to a discovery and briefing schedule and set the arbitration hearing for January 25 through January 29, 2016 in Boston, Massachusetts.  (Dolan Decl. ¶¶ 2-3, Ex. A.)  Plaintiffs' attorney of record in the actions here, Bryan Dillon, also represents plaintiffs in those arbitration proceedings.  (Id. ¶ 2, Ex. A at 2.)

ABP now moves to lift the stay and dismiss, without prejudice, the proceedings in this district.  (See Mot.)  Plaintiffs have submitted a statement of non-opposition to ABP's motion.  (Action I Docket No. 26.)  ABP represents, and plaintiffs do not dispute, that all of plaintiffs' claims here are subject to Judge Young's order and are presently being resolved in the arbitration proceedings in Massachusetts.  (Dolan Decl. ¶¶ 2-3; Mot. at 4, 6, 10.)  Plaintiffs' statement of non-opposition demonstrates their assent to these affirmations.

A district court has the discretion to dismiss a proceeding when "the arbitration clause [is] broad enough to bar all of the plaintiff's claims." Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); see Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (finding that "the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration").  The arbitration clauses in plaintiffs' franchise agreements provide that "any dispute, claim or controversy arising out of or relating to" the franchise

3

1  agreements, "the breach [t]hereof, the rights and obligations of
2  the parties [t]hereto, or the entry, making, interpretation or
3  performance of either party under" the franchise agreements
4  "shall be settled by arbitration administered by the American
5  Arbitration Association" and "shall take place before a sole
6  arbitrator . . . in Boston, Massachusetts," whose decision "shall
7  be final and binding."  (Mot. to Stay Dolan Decl. ¶ 3, Ex. A
8  ¶ 14.3 (Action I Docket No. 8-3).)

9          The actions here assert identical claims relating to
10 plaintiffs' franchise agreements.  The Complaints allege that ABP
11 failed to register its franchise offers and to provide required
12 franchise disclosure documents in violation of Federal Trade
13 Commission regulations, 16 C.F.R. § 436.2; the California Unfair
14 Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; and the
15 California Franchise Investment Law, Cal. Corp. Code §§ 31000 et
16 seq.  (See Actions I & II Docket Nos. 1.)  Because the
17 arbitration clauses in plaintiffs' franchise agreements cover all
18 of the issues raised in these matters, the court may dismiss both
19 actions.  See Sparling, 864 F.2d at 638.

20         Even without the arbitration provisions mandating
21 dismissal, the franchise agreements also contain forum clauses
22 stating that plaintiffs "irrevocably submit[] to the jurisdiction
23 of the courts of the Commonwealth of Massachusetts in any suit,
24 action or proceeding arising out of or relating to [the franchise
25 agreements] or any other dispute between the [the parties], and
26 [the parties] irrevocably agree that all claims in respect of any
27 such suit, action or proceeding must be brought and/or defended
28 therein except with respect to matters which are under the

exclusive jurisdiction of the Federal Courts of the United States, which shall be brought and/or defended in the Federal District Court for the District of Massachusetts sitting in Boston, Massachusetts." (Mot. to Stay Dolan Decl. Ex. A ¶ 14.4.) Because the parties have agreed to a particular forum, dismissal is also appropriate in order to give effect to the parties' contractual intent.

        IT IS THEREFORE ORDERED that defendant ABP Corporation's motion to lift the stay and dismiss the proceedings without prejudice be, and the same hereby is, GRANTED. These actions are hereby DISMISSED without prejudice.

Dated: October 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5